# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CLIFFORD WADE,**

        **Plaintiff,**

-vs-                          **Case No. 6:07-cv-918-Orl-19KRS**

**WINTER PARK MEMORIAL HOSPITAL,**
**FLORIDA HOSPITAL,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT (Doc. No. 2)** |
| **FILED:** | **May 30, 2007** |

    On May 30, 2007, Plaintiff Clifford Wade filed a Complaint against Winter Park Memorial Hospital and Florida Hospital. Doc. No. 1. Wade also filed an application under 28 U.S.C. § 1915 to proceed without prepayment of fees. Doc. No. 2.

    Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to consider whether Wade's Complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e)

applies to all [*in forma pauperis*] litigants – prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.").

Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n. 1 (5th Cir.1977)). "[I]t is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary." *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102 (5th Cir. 1981). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject matter jurisdiction even when a party has not challenged it. *See, e.g., Univ. of S. Ala. v. American Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999).

**II.     ANALYSIS.**

Wade alleges that while he was a patient at Winter Park Memorial Hospital in 1999 and 2003, and at Florida Hospital in 2004, he was diagnosed with prostate, kidney, and pancreas cancer. Despite this diagnosis, neither hospital informed Wade that he had cancer or provided him with treatment. Doc. No. 1 at 2.

It is not clear from the complaint what, if any, basis for federal jurisdiction exists in this case. In federal court, subject matter jurisdiction can be found under either federal question jurisdiction, where the case "arises under the Constitution, laws, or treaties of the United States," or diversity jurisdiction, where the amount in controversy exceeds $75,000 and the parties are citizens of different states. *See* 28 U.S.C. §§ 1331, 1332; *Cheshire v. Haas*, No. 3:05-cv-1162-J-32MMH, 2006 WL 617955, at *1 (M.D. Fla. March 10, 2006).

In the present action, Wade does not specify any federal constitutional or statutory provisions that he believes to have been violated. He fails to provide any information about the defendants that suggests that the defendants acted under color of state law. Accordingly, it does not appear that this Court can exercise federal question jurisdiction. 28 U.S.C. § 1331. Additionally, Wade does not allege the state of which he and the defendants are citizens. Therefore, the complaint is insufficient to establish that this Court can exercise diversity jurisdiction.

Because this Court may not proceed unless subject matter jurisdiction is clear, *Lifestar Ambulance Serv., Inc. v. United States*, 365 F.3d 1293, 1295 (11th Cir. 2004), I respectfully recommend that the Complaint be dismissed without prejudice, and that the motion for leave to proceed *in forma pauperis*, doc. no. 2, be denied without prejudice. Wade should be given leave to file an amended complaint to allege a basis for this Court to exercise jurisdiction. *Cf. Troville v. Venz*, 303 F.3d 1256 (11th Cir. 2002) (holding that a civil detainee should have been given leave to amend after the *sua sponte* dismissal of his complaint under § 1915(e)(2)(B)). Alternatively, of course, Wade may file his complaint in state court.

Should Wade choose to refile in this Court rather than in state court, he must follow the pleadings requirements of this Court. In order to state a claim that is cognizable in federal court, Wade must state a claim, based on fact and law, that falls under the federal court's jurisdiction.

To state a claim based on a federal question, Wade must include in his amended complaint a description of actions taken by the defendants that allegedly violate the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Wade must identify the specific provision of the Constitution, federal law, or treaty that was violated. He must then explain the actions taken by the defendants that allegedly violated the cited provision and describe how he was harmed by the

defendants' actions. Wade must also identify the defendants with reasonable specificity by providing the defendants' complete names and addresses.

To state a claim based on diversity jurisdiction, Wade must allege that he and the defendants are citizens of different states. A corporation is "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Vareka Invs., N.V. v. American Inv. Props., Inc.*, 724 F.2d 907, 909 (11th Cir.1984) (quoting 28 U.S.C. § 1332(c)(1)). As with any claim, Wade must provide the complete name and address of the defendants. He also must state in his amended complaint the facts upon which he believes the defendants violated a law and how the violation harmed him.

### III.   RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the Complaint filed in this action, doc. no. 1., be **dismissed without prejudice**, and that the motion to proceed *in forma pauperis*, doc. no. 2, be **denied without prejudice**. I further recommend that the Court give the plaintiff eleven days from the date of the ruling on this Report and Recommendation to file an amended complaint and a renewed motion to proceed without payment of fees.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 7, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy